UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID YWAIN YOUNG,

        Plaintiff,

Case No. 1:10-cv-164

Hon. Robert J. Jonker

v.

UNKNOWN BAILEY, *et al.*,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action in which plaintiff has alleged that defendants used excessive force during the course of his arrest. This matter is now before the court on three motions to dismiss filed by defendants Battle Creek Police Department (docket no. 5), Officer Bailey (docket no. 8) and Officer Strunk (docket no. 11).

    **I.**    **Discussion**

Plaintiff's complaint names as defendants the Battle Creek Police Department and two of its officers, Bailey and Strunk. Compl. (docket no. 1). Plaintiff set forth his allegations in a single paragraph (in his words):

> On February 4, 2010 in the City of Battle Creek, I was violently assaulted by several police officers of the Battle Creek Police Dept. Subsequently arrested without warrant, probable cause or reasonable suspicion pursuant to an alleged traffic violation of failing to use my turn signals. These officers at the time in question were working under the jurisdiction of the City of Battle Creeks Police Departments "Gang Task Force Unit." Officer Bailey made the initial stop, requested only drivers license, placed license in his top pocket, ask me to step out of vehicle, called for back up, ask me to turn around, placed handcuffs on me, turned me around, ask me to open my mouth and at once violently grabbed me around the throat completely cutting of my air passage. I was held under this "choke" hold for a number of minutes while other officers violently assaulted me. Subsequently I was arrested and charged with three counts of resisting/assault/obstructing police officers. My

> complaint is the police officers used of "excessive force" causing physical harm and placing my life in imminent danger.

*Id.* at ¶ IV.  Plaintiff seeks unspecified injunctive and declaratory relief, damages in the amount of $3,000,000.00, and requests the court to "sanction Battle Creek Police Dept. and ban unlawful choke holds against citizens."  *Id.* at ¶ V.

### II.    Defendants' motion to dismiss

### A.    Legal Standard

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws.  *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984);  *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996).  To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law.  *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and (6).  A motion brought pursuant to Fed. R. Civ. P. 12(b)(1) seeks to dismiss a complaint for lack of subject matter jurisdiction.  In determining whether the district court has subject matter jurisdiction under this rule, the district court must assume that the plaintiff's allegations are true and must construe the allegations in a light most favorable to plaintiff. *Little Traverse Bay Bands of Odawa Indians v. Great Spring Waters of America, Inc.*, 203 F.Supp.2d 853, 855 (W.D. Mich. 2002). "Relief is appropriate only if, after such construction, it is apparent to the district court that there is an absence of subject matter jurisdiction." *Id.*

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) seeks to dismiss a complaint for "failure to state a claim upon which relief can be granted." A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief"). A plaintiff's obligation to provide the defendants with a statement of his claim is obligated to provide "more than labels and conclusions." *Id.* Rather,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

In resolving motions to dismiss, the court has a duty to construe a *pro se* complaint liberally. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Kent v. Johnson*, 821 F. 2d 1220, 1223-24 (6th Cir. 1987). However, there are limits to the court's "liberal construction" of a *pro se* complaint. As the court observed in *Rogers v. Detroit Police Dept.*, 595 F. Supp.2d 757 (E.D. Mich. 2009):

> [C]ourts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999), nor may courts construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Neither may the court "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir.1979), nor create a claim for Plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir.1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff,

> [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

*Rogers*, 595 F. Supp.2d at 766.

### B. Battle Creek Police Department

The Battle Creek Police Department is not a distinct legal unit apart from the city, but rather a division of the municipality.

> Under the law of Michigan, a municipal police department is a creature of the municipality. M.C.L.A. § 92.1 (West 1991). A suit against a city police department in Michigan is one against the city itself, because the city is the real party in interest.

*Haverstick Enterprises v. Financial Federal Credit, Inc.*, 32 F.3d 989, 992 n.1 (6th Cir. 1994). *See, e.g, Mooney v. City of Holland*, 490 F. Supp. 188, 190 (W.D. Mich. 1980) ("[t]he Holland Police Department is merely a creature of the City, the real party in interest"). Accordingly, defendant Battle Creek Police Department's motion to dismiss (docket no. 5) should be granted.

### C. Officer Strunk

Plaintiff alleged that he was assaulted by "several" Battle Creek Police Officers on February 4, 2010. However, plaintiff does not allege that Strunk engaged in any wrongful action. Simply listing Officer Strunk as a defendant in the caption does not create a cause of action against him. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). *See also*, *Webb v. Caruso*, 1:06-cv-3, 2006 WL 416261 at *4 (W.D. Mich. Feb. 22, 2006) ("[w]here a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction

afforded to pro se complaints"). Furthermore, because plaintiff's complaint fails to include any allegation against Officer Strunk, the complaint fails to "state a claim to relief that is plausible on its face." *Ashcroft*, 129 S.Ct. at 1949. Accordingly, defendant Strunk's motion to dismiss (docket no. 11) should be granted.

### D. Officer Bailey

Plaintiff's complaint alleged that Officer Bailey utilized excessive force by placing him in a choke hold after a routine traffic stop. Officer Bailey contends that the complaint should be dismissed on two grounds. First, Bailey contends that the complaint does not allege a cause of action. Second, Bailey contends that he is entitled to qualified immunity.

#### 1. Plaintiff's excessive force claim

The use of excessive force by law enforcement officials in making an arrest may give rise to a claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment. *See Bass v. Robinson*, 167 F.3d 1041, 1045 (6th Cir. 1999). "In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Connor*, 490 U.S. 386, 394 (1989). "[I]f the plaintiff was a free person at the time of the incident and the use of force occurred in the course of an arrest or other seizure of the plaintiff, the plaintiff's claim is governed by the Fourth Amendment's reasonableness standard." *Aldini v. Johnson*, 609 F.3d 858, 865 (6th Cir. 2010). *See Gaddis ex rel. Gaddis v. Redford Township*, 364 F.3d 763, 772 (6th Cir. 2004) (citing *Graham*) ("[t]he sole constitutional standard for evaluating excessive force claims is the Fourth Amendment's criterion of reasonableness").

Whether an officer has used excessive force in effecting an arrest depends on whether the officer's conduct is "objectively reasonable" in light of the facts and circumstances surrounding

the arrest. *See Graham*, 490 U.S. at 396-397. "Courts must apply an objective standard, looking to the facts and circumstances of each particular case, including [1] the severity of the crime at issue, [2] whether the suspect pose[d] an immediate threat to the safety of the officers or others, and [3] whether he was actively resisting arrest or attempting to evade arrest by flight." *Gaddis*, 364 F.3d at 772 (citing *Graham*) (internal quotation marks omitted). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-97. Whether a particular use of force was reasonable "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 396. The extent of the injury is not a crucial factor in determining an excessive force claim under the Fourth Amendment. *See Bass*, 167 F.3d at 1046 n. 1 ("[a] factor that is not crucial to an analysis of a claim for excessive force in violation of the Fourth Amendment is the extent of the injury inflicted").

Viewing the allegations in the light most favorable to plaintiff, the court concludes that he has stated a Fourth Amendment claim for excessive force. Plaintiff has alleged: that the police stopped him for a minor traffic violation; that the police handcuffed him; and that Officer Bailey placed him in a "choke" hold while handcuffed. Officer Bailey contends that the force used in his arrest was reasonable, as evidenced by the fact that plaintiff was convicted of resisting arrest during the incident. In support of his motion, Officer Bailey has submitted copies of a felony information charging that on February 4, 2010 plaintiff "did assault, batter, wound, resist, obstruct, oppose or endanger JIM BAILEY, a police officer of BATTLE CREEK POLICE DEPARTMENT that the defendant knew or had reason to know was performing his or her duty contrary to M.C.L.

§ 750.81d(1)." *See* Felony Information (docket no. 9 at p. 13). Officer Bailey has also provided a copy of a judgment of sentence convicting plaintiff of that crime. *See* Judgment of Sentence (docket no. 9 at pp. 14-15).

The felony information and judgment of sentence, although not referred to in the complaint, are public records which appear related to the incident at issue in this action, i.e., plaintiff's claim that arresting officers used excessive force against him on February 4, 2010. *See Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008) ("[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein").

Assuming that these documents are public records which the court can consider in resolving defendant's motion to dismiss, the court rejects defendant's claim that the conviction for resisting arrest "alone satisfies all three prongs of the elements [of an excessive force claim] to consider as set out in *Gaddis*." Defendant Bailey's Brief at p. 4. Plaintiff was convicted of violating M.C.L. § 750.81d(1), which provides that "an individual who assaults, batters, wounds, resists, obstructs, opposes, or endangers a person who the individual knows or has reason to know is performing his or her duties is guilty of a felony punishable by imprisonment for not more than 2 years or a fine of not more than $2,000.00, or both." As the Sixth Circuit has pointed out, one can be convicted for obstructing an officer under M.C.L. § 750.81d(1) simply for a "knowing failure to comply with a lawful command." *Schreiber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010) (citing M.C.L. § 750.81d(7)(a) (which defines "obstruct" under the statute to include "the use or threatened

7

use of physical interference or force *or a knowing failure to comply with a lawful command*") (emphasis added). Based on the record before the court, which does not include any facts with respect to the manner in which plaintiff resisted the officers, a violation of this state criminal statute does not necessarily establish that the officers' alleged conduct was objectively reasonable for purposes of an excessive force claim.[1]

Even if the court assumes that plaintiff was resisting arrest, this is only one consideration in determining whether Officer Bailey used excessive force. *See Graham*, 490 U.S. at 396-97. Plaintiff alleged that the arrest was prompted by a traffic stop for a minor violation (failure to use a turn signal) and that Officer Bailey used unreasonable force by placing plaintiff in a choke hold while handcuffed. In seeking to dismiss the complaint for failing to allege excessive force, Officer Bailey discusses the difference between a layman's use of the term "choke-hold" and the police technique known as a "carotid hold," whether such a hold is legal, and observes that the complaint failed to allege an injury (such as being rendered unconscious). Whether plaintiff was actually placed in a "choke hold" or a "carotid hold" and the extent of his injury are questions of fact which this court cannot address on the present motion. Furthermore, as previously discussed, the extent of the injury is not a crucial factor in determining an excessive force claim under the Fourth Amendment. *See Bass*, 167 F.3d at 1046 n. 1.

Viewing the *pro se* complaint in the light most favorable to plaintiff, his allegations that Officer Bailey "violently grabbed me around the throat completely cutting [off] my air passage"

---

[1] The court notes the defendants have not explicitly raised or argued a claim under *Heck v. Humphrey*, 512 U.S. 477 (1994), i.e., that plaintiff's § 1983 claim of excessive force against Officer Bailey is barred due to plaintiff's conviction under M.C.L. § 750.81d(1). In this regard, the Sixth Circuit has held in several instances that a violation of M.C.L. § 750.81d(1) did not bar an excessive force claim. *See, e.g.*, *Karttunen v. Clark*, 369 Fed. Appx. 705, 707-09 (6th Cir. 2010); *Miller v. Village of Pinckney*, 365 Fed. Appx. 652, 654-55 (6th Cir. 2010); *Schreiber*, 596 F.3d 323. This would seem to be a fact-intensive issue.

and that "I was held under this 'choke' hold for a number of minutes while other officers violently assaulted me" is sufficient to state a claim for use excessive force in violation of the Fourth Amendment. If these allegations were true, it was not objectively reasonable for Officer Bailey to place plaintiff in a "choke hold" when plaintiff was standing handcuffed by the car following a minor traffic violation. Accordingly, plaintiff has alleged a cause of action under the Fourth Amendment.

### 2. Qualified immunity

In the alternative, Officer Bailey contends that he is entitled to qualified immunity on this claim. Government officials have qualified immunity from suit under § 1983 for damages arising out of the performance of their official duties if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Consequently, the doctrine of qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). "[A] defendant is entitled to qualified immunity on summary judgment unless the facts, when viewed in the light most favorable to the plaintiff, would permit a reasonable juror to find that: (1) the defendant violated a constitutional right; and (2) the right was clearly established." *Bishop v. Hackel*, -- F.3d --, 2011 WL 191951 at *4 (6th Cir. Feb. 1, 2011), citing *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 816 (2009). The court may exercise its discretion to decide which prong of the test to address first in light of the circumstances of the case. *Id.*

> When, as here, a defendant raises qualified immunity as a defense, the plaintiff bears the burden of demonstrating that the defendant is not entitled to qualified immunity. The plaintiff has the burden of showing that a right is clearly established. However, the defendant carries the burden of showing that the challenged act was objectively reasonable in light of the law existing at the time.

9

>While the facts are normally taken as alleged by the plaintiff, facts that absolutely contradict the record will not be considered as claimed by the plaintiff.

*Everson v. Leis*, 556 F.3d 484, 494 (6th Cir. 2009) (internal citations omitted).

Plaintiff has stated a claim that Officer Bailey violated his Fourth Amendment rights through the use of excessive force. This right was clearly established at the time of his arrest. *See Graham*, 490 U.S. 386. While plaintiff was convicted of resisting arrest, that conviction does not negate his excessive force claim nor speak to the reasonableness of the force used against him. Further factual development is necessary to determine whether Officer Bailey reasonably applied force in this instance. Accordingly, Officer Bailey's motion to dismiss (docket no. 8) should be denied at this time.

### III. Recommendation

For these reasons, I respectfully recommend that the Battle Creek Police Department's motion to dismiss (docket no. 5) be **GRANTED**, that Officer Strunk's motion to dismiss (docket no. 11) be **GRANTED**, and that Officer Bailey's motion to dismiss (docket no. 8) be **DENIED**.

Dated: June 29, 2011  /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).