UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID YWAIN YOUNG,

    Plaintiff,

CASE NO. 1:10-CV-1064

v.

HON. ROBERT J. JONKER

UNKNOWN BAILEY, et al.,

    Defendant.

_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 17) and Plaintiffs' Objections to the Report and Recommendation (docket # 18). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

In his Report and Recommendation, Magistrate Judge Brenneman recommends that the motions to dismiss filed by Defendant Battle Creek Police Department (docket # 5) and Defendant Unknown Strunk (docket # 11) be granted, and that the motion to dismiss filed by Defendant Unknown Bailey (docket # 8) be denied. Mr. Young filed no opposition to the motions to dismiss, despite ample time in which to do so, whether within the ordinary response period or with an extended deadline.[1] Mr. Young now objects to the Magistrate Judge's recommendation that the claims against Officer Strunk and the Battle Creek Police Department be dismissed. (Obj., docket # 18, at 1.) He also requests permission to amend his original complaint against both parties and to name additional parties in the case. (*Id.*) He also seeks additional discovery to make his case. (*Id.*)

Mr. Young does not identify the basis of his objection to the Report and Recommendation. He states only that he "objects to the courts [sic] report and recommendation to grant dismissal to Battle Creek Police Officer Strunk and the Battle Creek Police Department." (*Id.*) The failure to lodge specific objections is sufficient basis, standing alone, for this Court to adopt the Magistrate Judge's Report and Recommendation. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004)

---

[1] Defendants filed their motions to dismiss (docket ## 5, 8 and 11) on December 15, 2010. In its order dated December 16, 2010, the Court stated explicitly "if the Plaintiff opposes the motion a written response may be filed within 28 days, or not later than January 13, 2011. If Plaintiff fails to file a response, the Court will decide the motion on the merits without waiting for further briefing from Plaintiff." (docket # 14.) The Report and Recommendation addressing the motions to dismiss issued on June 29, 2011.

("Generally, the failure to file specific objections to a magistrate's report constitutes a waiver of those objections."). Moreover, in this case the Magistrate Judge's analysis accurately states and applies the law. Mr. Young has not stated a claim against Defendants Strunk and the Battle Creek Police Department, for the reasons the Magistrate Judge details in the Report and Recommendation.[2]

## Embedded Motions

Embedded in Plaintiff's Objections are a request to amend his original complaint against Officer Strunk and the Battle Creek Police Department and to add additional parties, and for certain discovery materials. Plaintiff filed his request to amend after the period for amendment as of right had expired. *See* FED. R. CIV. P. 15(a)(1). Under FED. R. CIV. P. 15(a)(2), the Court may permit Plaintiff to amend his complaint if "justice so requires." While a motion to amend a complaint "should be freely granted when justice so requires," a court deciding whether to allow a party to amend a complaint "should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). Almost all of these factors weigh against permitting Plaintiff to amend his original complaint. Plaintiff filed this lawsuit on October 29, 2010. His request to amend comes almost a year later, after ample opportunity to amend the

---

[2]Even if the Court were to construe the claim against the Battle Creek Police Department as a claim against the City of Battle Creek itself, dismissal of the claim would still be appropriate. To state a claim § 1983 claim against a city, a plaintiff must allege plausibly that the city had a policy or custom in violation of the plaintiff's constitutional rights. *See Petty v. County of Franklin, Ohio*, 478 F.3d 341, 349 (6th Cir. 2007)(citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Plaintiff has neither alleged nor identified any City of Battle Creek policy or custom to support his § 1983 claim, and therefore has stated no § 1983 claim against the City of Battle Creek.

complaint, and only after the Magistrate Judge properly addressed Defendants' motion to dismiss. To the extent, if any, Plaintiff desires to amend his complaint to name the City of Battle Creek in lieu of the Battle Creek Police Department, such an amendment would be futile, as already discussed. Finally, and fundamentally, Plaintiff offers no explanation or basis for his belated request. Under these circumstances, and on this record, Plaintiff is not entitled to amend his complaint.

To the extent Plaintiff seeks discovery, this is a matter for discussion at the Rule 26(f) conference, which has not taken place yet. The request is premature. *See* FED. R. CIV. P. 26(d)(1). ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) [or otherwise properly authorized]").

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 17) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Battle Creek Police Department's motion to dismiss (docket # 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Strunk's motion to dismiss (docket # 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Bailey's motion to dismiss (docket # 8) is **DENIED**.

**IT IS FURTHER ORDERED** that to the extent Plaintiff moves to amend his complaint (docket # 18), the motion is **DENIED**.

**IT IS FURTHER ORDERED** that to the extent Plaintiff moves for discovery (docket # 18), the motion is **DENIED** without prejudice as premature.

The case will proceed normally on the claim against Defendant Bailey.


/s/Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE

Dated: September 28, 2011